CONCRETE INDUSTRIES, INC., demandante y apelada, *v.* RAFAEL A. BUSCAGLIA, en su carácter de TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 8660—*Sometido:* Julio 28, 1943. *Resuelto:* Noviembre 1, 1943.

*Hon. Procurador General Interino M. Rodríguez Ramos* y *A. E. Franco Cabrero, Procurador Auxiliar,* abogados del apelante; *Damián Monserrat, Jr.,* y *Rafael Baragaño, Jr.,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La corporación Concrete Industries, Inc., alegando que se dedica a la fabricación de bloques de "concreto" mediante un procedimiento especial y nuevo en Puerto Rico, fué declarada industria nueva por la Comisión de Servicio Público en resolución dictada el 15 de enero de 1941, aprobada por el Gobernador de Puerto Rico el 29 de abril de 1942. En su resolución la Comisión de Servicio Público aceptó como probado que el método y los materiales usados en la fabricación de dichos bloques son los siguientes:

"Arena, cemento y gravilla (piedra menuda) se mezclan húmedos en una mezcladora; esta mezcla es colocada en un molde de hierro para hacer bloques y se prensa con un martillo automático. La presión aplicada es de 1,400 libras por pulgada cuadrada. El agregado de agua es lo suficiente para que el material prensado en el molde permanezca intacto al ser éste desarmado. Este hormigón así prensado se 'cura', bajo cubierta, durante 48 horas, manteniéndose constantemente mojado. Al terminarse este período los bloques se conservan durante ocho días más, todavía mojados, al aire libre, para que fragüe completamente el hormigón."

Como consecuencia la Comisión declaró que la corporación tenía derecho a la exención del pago de contribuciones que provee la sección 3 de la Ley núm. 94 aprobada el 14 de mayo de 1936 ((2) pág. 495), que citamos al margen.[1]

[1] "Sección 3.—Por la presente se le concede autoridad a la Comisión de Servicio Público de Puerto Rico para otorgar exención de contribuciones a todas aquellas nuevas industrias que se establezcan en Puerto Rico y su decisión deberá

Esto no obstante el Tesorero de Puerto Rico trató de cobrar de la corporación una contribución por concepto de arbitrios, de acuerdo con la Ley de Rentas Internas vigente, de dos centavos y medio por cada quintal de cemento importado o usado en la fabricación de bloques de "concreto". La corporación entonces acudió a la Corte de Distrito de San Juan y solicitó una sentencia declaratoria al efecto de que "todo el cemento importado por la demandante o que importe en lo sucesivo, o cualquier cemento que adquiera en Puerto Rico y esté sujeto al arbitrio señalado por la Ley de Rentas Internas, está exento del pago de dicho arbitrio por razón de la exención contributiva concedida por la Comisión de Servicio Público", y dicha corte, después de oír a las partes, dictó sentencia declaratoria en la forma solicitada por la corporación.

El demandado interpuso el presente recurso de apelación y alega que la corte inferior erró "al declarar que el cemento que importe y consuma la demandante en la fabricación de bloques de cemento está exento del arbitrio que determina la Ley de Rentas Internas de Puerto Rico al interpretar erróneamente la Ley núm. 94 de 14 de mayo de 1936."

La contención del apelante en todo momento ha sido que de acuerdo con la sección 2 de la Ley núm. 94 de

---

ser aprobada por el Gobernador de Puerto Rico. Las industrias nuevas a quienes se conceda exención de contribuciones, sus edificios, maquinarias, materiales y en general todos los bienes, derechos y privilegios pertenecientes a dichas industrias, que sean imperiosamente necesarios para su trabajo y funcionamiento, estarán exentas de contribuciones por el período de tiempo que fije la Comisión de Servicio Público de Puerto Rico que en ningún caso deberá exceder de diez (10) años, y cuyo término se contará desde la completa instalación industrial; *Disponiéndose, que*, tal exención de contribuciones no comprenderá la contribución sobre ingresos que deba satisfacer la persona, firma, sociedad o corporación explotadora de dicha nueva industria, ni la cuota correspondiente a la Ley de Indemnizaciones a Obreros. A los efectos de conceder la exención antes mencionada, la Comisión de Servicio Público de Puerto Rico celebrará las vistas públicas que creyere pertinentes y demandará del peticionario la presentación de aquella evidencia que justifique la concesión solicitada; *Disponiéndose, además*, que ningún decreto eximiendo de contribuciones a una nueva industria será válido si no ha sido debidamente aprobado por el Gobernador de Puerto Rico."

1936 el cemento importado y usado por la demandante no puede considerarse como materia prima de la industria a que se dedica. Dicha sección dice así:

"Sección 2.—Para los efectos de esta Ley, se entenderá por industria nueva todo procedimiento de elaboración y manufactura, bien a mano o por medio de maquinaria que, mediante la transformación de materia prima, tenga por objeto la producción de artículos sujetos a comercio, que no se hayan producido nunca anteriormente en Puerto Rico; *Disponiéndose,* que no se considerará como materia prima aquellos productos ya elaborados o manufacturados, debidamente terminados, que hayan de utilizarse en relación con tales industrias."

Aun cuando lo niega, el demandado apelante lo que hace es atacar, tardíamente, la resolución firme de la Comisión de Servicio Público declarando a la demandante industria nueva. Ya hemos visto que la Comisión aceptó como probado cuál era el procedimiento y los materiales usados por la corporación al fabricar los bloques de concreto. Uno de los materiales, el principal, es el cemento. Si erró o no al considerarlo materia prima no es cuestión que pueda ahora resolverse. Como bien dice la corte inferior en su opinión:

"La cuestión de si la industria de la demandante es o no una que transforma materia prima y produce un artículo nunca antes fabricado en Puerto Rico, es una que ya resolvió la Comisión de Servicio Público y el Gobernador. No impugna el demandado la resolución de la Comisión.

"Decretada y aceptada la existencia de la industria nueva, deja de tener pertinencia la cuestión de cuáles de los materiales utilizados en la industria constituyen materia prima y cuáles no. Todos están exentos de contribución según la letra clara de la ley, como lo están también los edificios, las maquinarias, etc. El cemento, considérase materia prima o no, es uno de los materiales que son 'imperiosamente necesarios' para el trabajo y funcionamiento de la industria de la demandante. Luego está claramente exento de tributación..."

Es más, si descartáramos el cemento como uno de los materiales "imperiosamente necesarios" en la industria de la apelada, tendríamos que llegar al absurdo de sostener que

los bloques de concreto podrían fabricarse utilizando únicamente los otros dos materiales especificados, es decir, la arena y la gravilla. Es cierto que de acuerdo con el *"Disponiéndose"* de la sección 2, supra, no deben considerarse como materia prima aquellos productos ya elaborados, manufacturados y terminados, que hayan de utilizarse en relación con la industria nueva. Empero, si la Comisión de Servicio Público consideró que en la fabricación de los bloques de concreto el cemento era un material "imperiosamente necesario", al unirse a la arena y la gravilla para su transformación en un producto distinto y nuevo en Puerto Rico, no estaríamos justificados en resolver que dicho material no es uno de los expresamente exentados del pago de toda clase de contribuciones de acuerdo con la sección 3 de la ley, supra, cuando la determinación hecha por la Comisión no fué objeto de impugnación alguna por el apelante.

La intención de la Legislatura al aprobar la Ley núm. 94, fué fomentar el establecimiento de industrias nuevas en Puerto Rico exonerándolas, por un período razonable de tiempo, del pago de toda clase de contribuciones, excepto las expresamente señaladas en la ley, debiendo, sin embargo, la Comisión de Servicio Público celebrar vistas públicas antes de dictar resolución y aun ésta no es efectiva hasta ser aprobada por el Gobernador.

Habiendo sido la Concrete Industries, Inc. declarada industria nueva por la Comisión de Servicio Público y aprobada la resolución por el Gobernador, resolvemos que, en cuanto al alcance de la exención contributiva, debe prevalecer la sección 3 de la ley, supra, que cubre todos los materiales "imperiosamente necesarios" para el trabajo y funcionamiento de su industria.

*Debe confirmarse la sentencia apelada.*